IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                              CASE NO. 1:03-cr-00028-MP

ISAAC JACOB BOOKER,

    Defendant.

_____/

**O R D E R**

In June of 2004, Mr. Booker was serving a state sentence for trafficking in stolen property[1] when the United States Attorney for the Northern District of Florida executed a writ of habeas corpus ad prosequendum over him to proceed with the instant case against him. Doc. 4. The federal authorities retained possession of Mr. Booker until May of 2004, when he was returned to state custody until April 1, 2005, when his state sentence was completed. He was then delivered to federal authorities to complete his federal sentence. See doc. 31. Mr. Booker now moves this Court to order that he be given credit, pursuant to 18 U.S.C. § 3585, for the time he spent in state custody from May of 2004 to April of 2005. Doc. 32. Having considered the request, the Court determines it should be denied.

A federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction[2] over the prisoner, and federal custody commences only when the

---

    [1]See Inmate Release Information Detail, Florida Department of Corrections, available online at http://www.dc.state.fl.us/InmateReleases/list.asp?DataAction=Filter&dcnumber=892338

    [2]As a general rule, the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration. Brewer, 923 F.2d 1361, 1365 (9th Cir.1991). This jurisdiction continues until the first sovereign relinquishes its priority by, for example, bail

state authorities relinquish the prisoner on satisfaction of the state obligation. Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918-19 (10th Cir.1982); Roche v. Sizer, 675 F.2d 507, 509-10 (2d Cir.1982); see also Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody); Salley, 786 F.2d at 547-48 (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody).

This rule derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities. Whalen, 962 F.2d at 361 n. 3; In re Liberatore, 574 F.2d 78, 79 (2d Cir.1978); Crawford v. Jackson, 589 F.2d 693, 695 (D.C.Cir.1978) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that 'borrowed' status, transforming a state prisoner into a federal prisoner."), *cert. denied*,441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979). Principles of comity require that when the writ is satisfied, the second sovereign return the prisoner to the first sovereign.

In this case, the State of Florida had primary jurisdiction over Mr. Booker, for he was arrested and sentenced by the state prior to any federal proceedings in connection with his

---

release, dismissal of the state charges, parole release, or expiration of the sentence. United States v. Warren, 610 F.2d 680, 684-85 (9th Cir.1980) ("[T]he sovereign with priority of jurisdiction … may elect under the doctrine of comity to relinquish it to another sovereign. This discretionary election is an executive, and not a judicial, function.").

*Case No: 1:03-cr-00030-MP*

federal crimes. Thus, he was still serving his Florida, rather than Federal, sentence in the time period he discusses. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Doc. 32, the Motion to Receive Credit for Time Served, filed by Issac Jacob Booker, is denied.

**DONE AND ORDERED** this  *6th*   day of February, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
