IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


UNITED STATES OF AMERICA,

v.                                                            CASE NO. 1:03-cr-28-MMP-AK

ISSAC JACOB BOOKER,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 35, Motion to Vacate under 28 U.S.C. § 2255, by

Issac Jacob Booker. The Government has filed its response, Doc. 40, and Petitioner has filed a

reply and additional legal authority. Docs. 41 & 43. This cause is therefore in a posture for

decision. Having carefully considered the matter, the Court recommends that the motion to

vacate be denied.

## BACKGROUND

In May, 2003, Defendant was indicted for possession of a firearm by a prior convicted

felon and for possession of a stolen firearm. Doc. 1. The indictment set forth multiple

convictions in 1994 and 1995 for sale and possession of cocaine and two convictions in 2002 for

dealing in stolen property. *Id.* Subsequently, Defendant pled guilty to both counts of the

indictment. Docs. 24 & 25. As part of the plea agreement, Defendant agreed that if the case

were to go to trial, the Government could have proved beyond a reasonable doubt that his "prior

convictions qualify him for treatment as an armed career criminal" in that he "had previously

been convicted in the State Courts of Florida for more than three serious drug offenses, to wit:

five (5) Sale of Cocaine convictions." Doc. 25. These convictions, as well as an additional

conviction for burglary of a structure, were included in Defendant's Presentence Report, to

which he offered no objections. He was later sentenced to 180 months on Count 1 and 120

months on Count 2, to run concurrently. Doc. 29. Judgment was entered on November 25,

2003, and Defendant did not appeal.

The instant motion to vacate was filed on April 16, 2007, when it was placed in the

prison mailbox for mailing. Doc. 35. *See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to

"mailbox rule," date that petition was deposited with prison is controlling filing date, not actual

date document was filed in court). In it, he claims that his sentence as an armed career criminal

is "illegal" and "null and void," that he is "actually innocent" of his designation as an armed

career criminal, and that his attorney was ineffective in failing to examine his prior convictions.

Doc. 35. He argues that his motion is timely under the "'miscarriage of justice exception.'" *Id*.

**DISCUSSION**

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section."

*Id*. at (f). The one-year limitations period

shall run from the latest of–

  (1) the date on which the judgment of conviction becomes final;

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Plainly, the instant motion is untimely under subsection (f)(1), as it was filed over three years after the conviction became final, and the only issue becomes whether Defendant's assertion of actual innocence, which "is not itself a substantive claim,"  lifts "the procedural bar caused by [his] failure timely to file his § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005).  When a defendant asserts actual innocence in this situation, he must show that his conviction probably resulted from a constitutional violation. *Arthur v. Allen*, 452 F3d 1234, 1246 (11th Cir. 2006).  He "meets the 'probably resulted' standard by demonstrating, **based on the new evidence**, 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)) (emphasis added).  Thus, "[t]o be credible...a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

A claim of actual innocence necessarily requires the presentation of new evidence. Without new evidence, there is no review of the merits of the constitutional claim. *Arthur*, 452 F.3d at 1245. Here, Petitioner does not present any new evidence whatsoever. Rather, he argues that because certain underlying state court convictions were not predicate offenses for a finding that he was an armed career criminal, he is "actually innocent" of the ACC designation. This is not, however, a claim based on "new evidence." Instead, it is a claim that was available to Defendant at sentencing, on direct appeal, or via a timely filed motion to vacate, and the Supreme Court's analysis in *Shepard v. United States*, 544 U.S. 13 (2005), does not alter that conclusion. Thus, Defendant's claim of "actual innocence" does not lift the procedural bar occasioned by the untimely filing of the instant motion.

Furthermore, Defendant is plainly mistaken as to the nature of the state law crimes for which he has been convicted. They were not merely convictions for "simple possession" of cocaine, as he claims, but also were convictions for "sale" of cocaine. Sale of cocaine is a second degree offense in the State of Florida, punishable by up to 15 years imprisonment. Fla. Stat. Ann. §§ 893.13(1)(a) & 775.082(3)(c). Each of Defendant's convictions for sale of cocaine was therefore a "serious drug offense" under the Armed Career Criminal Act and properly served as predicate offenses for the ACC enhancement. *See* 18 U.S.C. § 924(e). Thus, even if the claims were not barred as untimely, they are plainly without merit.

Accordingly, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 35,

**DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this __*4*$^{th}$__ day of May, 2009.


        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**